THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-481-FL(2)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | MEMORAUNDUM OF |
| ) | PLEA AGREEMENT |
| CONTECH ENGINEERED ) | |
| SOLUTIONS LLC, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America ("United States"), by and through the Antitrust Division of the United States Department of Justice, and the Defendant, CONTECH ENGINEERED SOLUTIONS LLC, (referred to herein as "the Defendant") (collectively referred to herein as the "Parties") with the concurrence of the Defendant's Attorneys, McGuireWoods LLP and Smith, Gambrell & Russell, LLP, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the Plea Agreement ("Agreement"). There are no other agreements between the Parties in addition to or different from the terms herein.

2. The United States and the Defendant agree:

    a. That this Agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") and that the sentence set forth herein is the appropriate disposition of this case, and agree to recommend jointly that the Court impose the sentence described in 2(f), below ("recommended sentence").

    b. That the Defendant will plead Guilty to Counts One and Two of the Indictment herein pursuant to the terms of this Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in the Joint Factual Statement, which is Attachment A of the Agreement.

1

c. The Parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to USSG § 5K2.0. The Parties agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Agreement. The Parties further agree that the recommended sentence set forth in this Agreement is reasonable.

d. The United States and the Defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in 2(f), below. If the Court does not accept the recommended sentence, the United States and the Defendant agree:

   i. That this Agreement, except for subparagraph 2(d)(ii), will be rendered void.

   ii. If the Court does not accept the recommended sentence, the Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)(2)(A)). If the Defendant withdraws its plea of guilty, this Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Agreement or made in the course of plea discussions with an attorney for the United States will not be admissible against the Defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the Defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Agreement, the statute of limitations period for any offenses referred to in Paragraph 5 of this Agreement will be tolled for the period between the date of signature of this Agreement and the date the Defendant withdrew its guilty plea or for a period of sixty (60) days after the date of signature of this Agreement, whichever period is greater.

e. The Parties further acknowledge that based on this Agreement, together with the record that will be created by the United States and the Defendant at the plea and sentencing hearings, and the further disclosure described in Attachment A, the Court has sufficient information in the record concerning the Defendant, the crime charged in this case, and the Defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. Accordingly, if acceptable to the Court, the Parties

2

agree to waive the presentence investigation and report pursuant to Fed. R. Crim. P. 32(c) and request that the Defendant be sentenced at the time the guilty plea is entered.

f. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Parties agree that the following sentence is warranted in this case:

   i. <u>Criminal Fine</u>: The Defendant shall pay a Criminal Fine totaling $7,000,000 for (1) one felony violation of the Sherman Antitrust Act, 15 U.S.C. § 1, and (2) one felony violation of 18 U.S.C. § 1349.

   ii. <u>Restitution for Counts of Conviction</u>: Pursuant to 18 U.S.C. §§ 3663, 3663A, and 3563(b)(2), the Defendant shall make restitution to the North Carolina Department of Transportation ("NCDOT"), the victim, in the amount of $1,533,988.

   iii. <u>Payment</u>: The Defendant will pay to the United States the above criminal fine of $7,000,000 and will pay the above restitution of $1,533,398 to the NCDOT in full before the fifteenth (15th) day after the date of judgment.

   iv. <u>Probation</u>: The parties agree that no term of probation shall be imposed in light of improvements to the Defendant's compliance program to prevent recurrence of the charged offenses, but the Defendant understands that the Court's denial of this request will not void this Agreement.

3. The Defendant agrees:

   a. <u>Appeal Waiver</u>: To knowingly and voluntarily waive the right to file any appeal or collateral attack that challenges its conviction, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which it is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute; and the right to file any appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence of this Agreement, regardless of how the sentence is determined by the Court. For purposes of the waiver of appeal or collateral attack of the sentence, the sentence imposed is deemed consistent with or below the recommended sentence even if the sentence imposed includes a term of probation if it is otherwise consistent with or below the recommended sentence, unless the term of

3

probation exceeds the length authorized by 18 U.S.C. § 3561(c). This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) or (c). Nothing in this paragraph, however, will act as a bar to the Defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. The Defendant also waives the following rights: (a) to plead not guilty to any criminal charge brought against it; (b) to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty; and (c) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial.

b. <u>Waiver of Rights to Records</u>: To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

c. <u>Special Assessment</u>: To pay a special assessment of $400 per felony count, pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant at sentencing. The Defendant or Defendant's counsel shall provide a check in payment of the said assessment directly to the Clerk, U.S. District Court/EDNC.

d. <u>Cooperation</u>: The Defendant shall cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of aluminum structure projects to the NCDOT, any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the Defendant will include but not be limited to:

4

i. producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the Defendant, that are requested by the United States in connection with any Federal Proceeding; and

ii. using its best efforts to secure the full, truthful, and continuing cooperation of the current directors, officers, and employees of the Defendant as may be requested by the United States. Such efforts will include, but not be limited to, making these persons available at the Defendant's expense for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. Current directors, officers, and employees are defined for purposes of this Agreement as individuals who are directors, officers, or employees of the Defendant as of the date of signature of this Agreement.

e. Such full, truthful, and continuing cooperation of the current directors, officers, and employees of the Defendant will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

i. producing all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

ii. making himself or herself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

iii. responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 et seq.), or conspiracy to commit such offenses;

5

iv. otherwise voluntarily providing the United States with any material or information not requested in (i)-(iii) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he or she may have that is related to any Federal Proceeding;

v. when called upon to do so by the United States in connection with any Federal Proceeding, participating in affirmative investigative techniques, including but not limited to making telephone calls, recording conversations, and introducing law enforcement officials to other individuals, with all such activity being conducted only at the express direction and under the supervision of attorneys and agents of the United States;

vi. when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. §§ 1503 et seq.), and contempt (18 U.S.C. §§ 401-02);

vii. not committing, participating in, or attempting to commit or participate in any additional antitrust crime in violation of Title 15, United States Code, or any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 et seq.), contempt (18 U.S.C. §§ 401-02), or conspiracy to commit such offenses; and

viii. agreeing that, if the agreement not to prosecute him or her in this Agreement is rendered void under subparagraph 6(d) the statute of limitations period for any Relevant Offenses, as defined in Paragraph 5, will be tolled as to him or her for the period between the date of signature of this Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under this Agreement.

f. These subparagraphs 3(d)-(e) do not apply to any former director, officer, or employee of the Defendant, including Brent Brewbaker.

g. <u>Material Breach</u>: If the Defendant, through its employees acting within the scope of their employment, provides false, incomplete, or

6

misleading information or testimony, or fails to abide by any term of cooperation set forth in Paragraphs 3(d) and 3(e) above, this would constitute a material breach of this Agreement by the Defendant, and the Defendant shall be subject to prosecution for any federal criminal violation not barred by the applicable statute of limitations (or as waived pursuant to Paragraph 6(c)) or other legal prohibition. Any information provided by the Defendant may be used against the Defendant in that prosecution.

h. Additionally, the Defendant agrees that in the event of the Defendant's material breach of this Agreement, the following are admissible against the Defendant in any prosecution or action against the Defendant: (i) any statements made by the Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the Joint Factual Statement supporting this Agreement; and (iii) any evidence derived from such statements. This includes the prosecution of the charges that are the subject of this Agreement or any charges that the United States agreed to dismiss or not file as part of this Agreement, but later pursues because of a material breach by the Defendant. Additionally, the Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Fed. R. Crim. P. 11(f), and/or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

i. <u>Stipulated Factual Basis for the Fine</u>: The Defendant stipulates that there is a factual basis for the imposition of a criminal fine in the amount of $7,000,000.

4. The Defendant represents and/or acknowledges:

   a. That the Defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The Defendant has thoroughly reviewed this Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences and that the attorney has carefully reviewed this Agreement with those persons designated by law and its bylaws to act on behalf of the Defendant (hereinafter referred to as "Designated Corporate Representative") and that this Agreement has been signed by a person authorized by law and the bylaws of the Defendant to execute agreements on behalf of the Defendant.

7

b. That the Designated Corporate Representative has reviewed and discussed the Indictment filed in this federal district in this matter with the Defendant's attorney and that the attorney has explained the Government's evidence to that Designated Corporate Representative.

c. That as a company, it is vicariously liable for the criminal acts of its employees acting within the scope of their employment for the benefit, at least in part, of the company.

d. That the Defendant's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to the Defendant as to whether the Court will accept or reject the recommendations contained within this Agreement.

e. That the Defendant will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the Defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the Defendant set forth above or the facts described in the Indictment or the Joint Factual Statement, Attachment A of this Agreement. Any such contradictory statement will, subject to cure rights of the Defendant described below, constitute a violation of this Agreement, and the Defendant thereafter will be subject to prosecution as set forth in Paragraph 4(f)-(g) of this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Indictment or Factual Basis section of this Agreement was made on behalf of the Defendant for the purpose of determining whether it has violated this Agreement will be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts in whole or in part a statement contained in the Indictment or Factual Basis section of this Agreement, the United States shall so notify the Defendant, and the Defendant may avoid a violation of this Agreement by publicly repudiating such statement(s) within five (5) business days after notification. The Defendant will be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Indictment and the Factual Basis section of this Agreement provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Indictment or Factual Basis section of this Agreement. This paragraph does not apply to any statement made by any current or future director, officer, employee, or

8

agent of the Defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the Defendant. This paragraph does not affect the obligation of any person, who is providing cooperation pursuant to Paragraph 3 of this Agreement, to respond fully and truthfully to all inquiries of the United States without falsely implicating any person or intentionally withholding information and to testify fully and truthfully as required by Paragraph 3 of this Agreement.

f. That should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the Defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 3 of this Agreement, or has otherwise violated any provision of this Agreement, the United States will notify counsel for the Defendant in writing its intention to void any of its obligations under this Agreement and the Defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Agreement. The Defendant agrees that, in the event that the United States is released from its obligations under this Agreement and brings criminal charges against the Defendant for any offense referred to in Paragraph 5 of this Agreement, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Agreement.

g. That it understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Agreement because of the Defendant's violation of this Agreement, any documents, statements, information, testimony, or evidence provided by it, or its current directors, officers, or employees to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it. In addition, the Defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

h. That it understands that that it may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Agreement, and that this Agreement in no way controls what action, if any, other agencies may take. The Antitrust Division will not make specific recommendations on

9

suspension or debarment actions but agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation of the Defendant and its related entities as a matter for that agency to consider before determining what action, if any, to take. The Defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

    i. <u>Resolution</u>: That it has filed with the Court prior to entry of this Agreement the original resolution from the board of directors (or equivalent written authorization as recognized by law) that gives the authority described in Paragraph 4(a) above to the Designated Corporate Representative and that authorizes such employee to execute this Agreement on behalf of the Defendant.

5. The Defendant understands, agrees, and admits:

    a. That as to each Count of the Indictment to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

**COUNT ONE**

(1) Charge:

Violation of Section One of the Sherman Antitrust Act (Conspiracy to Commit Bid Rigging)

(2) Code sections violated:

15 U.S.C. § 1

(3) Dates of Offense:

From at least 2009 through at least March 2018.

(4) Elements:

<u>First</u>: The conspiracy described in the Indictment existed at or about the time alleged;

<u>Second</u>: the Defendant knowingly became a member of the conspiracy; and

10

Third: the conspiracy described in the Indictment either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

(5) Maximum term of probation for a corporation: 5 years pursuant to 18 U.S.C. § 3561(c)(1) and USSG § 8D1.2(a)(1).

(6) Minimum term of probation for a corporation: 1 year pursuant to 18 U.S.C. § 3561(c)(1) and USSG § 8D1.2(a)(1).

(7) Maximum fine: Pursuant to 15 U.S.C. § 1, equal to the greatest of $100 million; or twice the gross gain or loss (18 U.S.C. § 3571(c) and (d)).

(8) Restitution pursuant to 18 U.S.C. § 3563(b)(2) or 3663(a)(3), and as agreed to in Paragraph 2(d)(iii) above.

(9) Special assessment: $400 pursuant to 18 U.S.C. § 3013(a)(2)(B).

## COUNT TWO

(1) Charge:

Conspiracy to commit mail or wire fraud.

(2) Code sections violated:

18 U.S.C. § 1349

(3) Dates of Offense:

From at least 2009 through at least June 2018.

(4) Elements:

First: An agreement among two or more persons to commit mail or wire fraud; and

Second: the Defendant knowingly and deliberately participated in the conspiracy with the intent to commit mail or wire fraud.

11

(5) Maximum term of probation for a corporation: 5 years pursuant to 18 U.S.C. § 3561(c)(1) and USSG § 8D1.2(a)(1).

(6) Minimum term of probation for a corporation: 1 year pursuant to 18 U.S.C. § 3561(c)(1) and USSG § 8D1.2(a)(1).

(7) Maximum fine: Pursuant to 15 U.S.C. §§ 1341, 1343, 1349, 3571, an amount equal to $500,000 or twice the gross gain or loss.

(8) Restitution pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), and as agreed to in Paragraph 2(d)(iii) above.

(9) Special assessment: $400 pursuant to 18 U.S.C. § 3013(a)(2)(B).

**Total statutory minimum and maximum sentence: 1-5 years supervised release; $100,500,000 fine; $800 special assessment.**

    b. That the applicable United States Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offenses of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offenses of conviction were committed. The parties agree there is no *ex post facto* issue under the November 2018 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The Defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a) and that the sentence has not yet been determined by the Court.

    c. That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

6. The United States agrees:

12

a. That pursuant to Fed. R. Crim. P. 11(c)(1)(C), the recommended sentence set forth in Paragraph 2(f) above is warranted;

b. That upon the Court's acceptance of the guilty plea called for by this Agreement and the imposition of the recommended sentence, the United States will move to dismiss Counts Three, Four, Five, and Six of the Indictment against the Defendant;

c. That upon the Court's acceptance of the guilty plea called for by this Agreement and the imposition of the recommended sentence and subject to the exceptions noted in subparagraph 6(e), the United States will not bring criminal charges against any current director, officer, or employee of the Defendant for any act or offense committed before the date of signature of this Agreement and while that person was acting as a director, officer, or employee of the Defendant that was undertaken in furtherance of an attempted or completed conspiracy or act of fraud involving the manufacture or sale of aluminum structure projects to the NCDOT ("Relevant Offenses");

d. That, should the United States determine that any current director, officer, or employee of the Defendant may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the Defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the Defendant;

e. If any person requested to provide cooperation under subparagraph 6(d) fails to comply fully with his or her obligations under Paragraph 3, then the terms of this Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to any Relevant Offense;

f. Except as provided in subparagraph 6(g), information provided by a person described in subparagraph 6(d) to the United States under the terms of this Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623),

13

obstruction of justice (18 U.S.C. §§ 1503 et seq.), contempt (18 U.S.C. §§ 401-02), or conspiracy to commit such offenses;

g. If any person who provides information to the United States under this Agreement fails to comply fully with his or her obligations under Paragraph 3 of this Agreement, the agreement in subparagraph 6(f) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

h. The non-prosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal tax or securities laws or conspiracy to commit such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§ 1621-22); making a false statement or declaration (18 U.S.C. §§ 1001, 1623); obstruction of justice (18 U.S.C. §§ 1503 et seq.); contempt (18 U.S.C. §§ 401-02); or conspiracy to commit such offenses;

i. Documents provided under subparagraph 3(d) and (e) will be deemed responsive to outstanding grand jury subpoenas issued to the Defendant;

j. The United States may provide to the United States Probation Office any evidence concerning relevant conduct;

k. The United States agrees that it will not seek criminal forfeiture of the property interests of Contech Engineered Solutions LLC in this matter. This agreement is not a waiver of the United States' right to seek criminal forfeiture of the property interests of any other person, including any co-defendant, in connection with this matter; and

l. The dismissal of counts and non-prosecution terms of this paragraph do not apply to Defendant Brent Brewbaker.

7. The Parties agree that this Agreement constitutes the entire agreement between the United States and the Defendant concerning the disposition of the criminal charge in this case. This Agreement cannot be modified except in writing, signed by the United States and the Defendant. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Agreement. Multiple signature pages are authorized for the purpose of executing this Agreement. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

So agreed this the 11TH day of MAY, 2021.

BY: _____
Nick Ivezaj
General Counsel
Contech Engineered Solutions LLC

BY: _____
Adam Ptashkin
Tara Shinnick
Rachel Kroll
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 5th St. NW
Washington, D.C. 20530
(202) 514-4687

BY: _____
C. Colon Willoughby
McGuireWoods LLP
Counsel for Contech Engineered Solutions LLC

_____
Anthony L. Cochran
Wm. Parker Sanders
Smith, Gambrell & Russell, LLP
Counsel for Contech Engineered Solutions LLC

Conditionally approved this the 11 day of May, 2021.

_____
ROBERT B. JONES, JR.
U.S. Magistrate Judge

Approved this the ____ day of _____, 20___.

_____
LOUISE W. FLANAGAN
United States District Judge